IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| BELINDA SINGLETERRY, JUAN ANTONIO SINGLETERRY, ALBERT JACKSON-MUNOZ, ALBERT JACKSON JR., JUAN JOSE JACKSON, GRACIELA JACKSON, JUANITA JACKSON, ALICIA JACKSON FLORES, JAIME JACKSON BREON, RAMIRO R. RAMIREZ, MELINDA RAMIREZ, SYLVIA RAMIREZ, LUIS A. PEREZ, BENILDE DE LA CERDA, JOSE L. SINGLETERRY, MARGARITO TORRES JR., MARIA A. TORRES, LUIS SINGLETERRY JR., FATIMA C. GONZALEZ, FLORINDO SINGLETERRY, JR., AIDA M. ALEMAN, ARMANDO ALEMAN, MAGDALENA ALEMAN, ALEJANDRO ALEMAN, RAQUEL T. LEAL, FILOMENA REYES SINGLETERRY, HERLINDA SINGLETERRY, RODOLFO SINGLETERRY, ADELINA YARRITO, GRISELDA SINGLETERRY BENITO DE LEON ERASMO SINGLETERRY, MARIA YARRITO FLORES, YOLANDA CASTILLO, CONSUELO YARRITO AND GINA WISDOM<br>PLAINTIFFS,<br><br>VS.<br><br>SOUTHWEST VALLEY CONSTRUCTORS CO.<br>Defendant. | CIVIL ACTION NO. _____ |

**DEFENDANT SOUTHWEST VALLEY CONSTRUCTORS CO.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that the Defendant Southwest Valley Constructors Co. ("Southwest") files this Notice of Removal of Cause No. C-3174-20-J pursuant to 28 U.S.C. §§ 1332, 1441. By doing so, it removes this action from the 430th District Court, Hidalgo County, Texas where it is now pending to the United States District Court for the Southern District of Texas, McAllen Division.

## 1. INTRODUCTION

1.0   Defendant Southwest files this Notice of Removal. Upon filing this Notice of Removal, Southwest will provide written notice to plaintiffs, through their counsel of record, as required by law. Southwest also will file a copy of this Notice of Removal with the Clerk of the 430th District Court, Hidalgo County, Texas.

1.1   On September 15, 2020, Plaintiffs filed suit against Southwest in the 430th Judicial District Court in Hidalgo County, Texas, where it was numbered Cause No. C-3174-20-J on the docket of that court (the "State Court Action"). Plaintiffs allege in the suit that Southwest is liable to them for alleged negligence, strict liability, subjacent and lateral support, and gross negligence related to the construction of the border wall. The petition filed in the State Court Action also asserts that Southwest is depriving Plaintiffs of their constitutional rights. Specifically, Plaintiffs contend that Southwest's activity prevents Plaintiffs from accessing cemetery property, will disturb and destroy the historic cemetery where their relatives are buried, and acts as "a taking of Plaintiffs' deceased family members burial plots without compensation." Plaintiffs claim they have suffered injuries and damages for the following: sentimental value for the damage or destruction of the burial plots and headstones of their relatives; replacement value of the headstones; "[a]ctual value to owner;" costs to repair; and mental anguish in the past and in the future. Plaintiffs seek injunctive relief, actual damages, exemplary damages, prejudgment and post judgment interest, and attorneys' fees and costs.

## 2.   JURISDICTION AND VENUE

2.0   This action is removable under 28 U.S.C. §§ 1332(a), 1441, and 29 U.S.C. § 1001, *et. seq.*, on the basis of diversity jurisdiction.

2.1     This action is properly removable to this Court under 28 U.S.C. § 1441(a), which provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2.2     The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the only defendant is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff. Defendant Southwest is not and was not at the time the suit was commenced, a citizen of the State of Texas.

2.3     The Plaintiffs all are citizens of the State of Texas.

2.4     Southwest Valley Constructors Co. is a corporation incorporated under the laws of the State of Delaware. Southwest is also a citizen of the State of New Mexico having its principal place of business now and at the time this action was commenced at 5130 Masthead NE, Albuquerque, NM 87109. Southwest is now and was at the time this action was commenced a citizen of the State of Delaware and the State of New Mexico and no other state.

### 3.     AMOUNT IN CONTROVERSY

3.0     The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000. Should Plaintiffs prevail on the claims against Southwest, Plaintiffs would be entitled to damages in excess of $75,000.

3.1     Plaintiffs did not plead a specific amount of damages in their petition and further failed to satisfy Texas law requiring plaintiffs to plead for damages that fall within certain ranges. TEX. R. CIV. P. 47. However, it is facially apparent from Plaintiffs' petition that their claims, if successful, will more likely than not exceed $75,000. Where a plaintiff fails to allege a specific

amount of damages, a removing defendant can demonstrate that federal jurisdiction is proper (1) by showing that "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) [by setting forth] 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000], they can be removed unless the Plaintiff can show he is legally bound to accept less." *Theriot v. Transamerica Life Ins. Co.*, 354 F.Supp.3d 713, 719 (E.D. Tex. 2017).

3.2   Plaintiffs' Original Petition and First Amended Petition, attached to this notice, states multiple claims against Southwest and seeks to recover various categories of damages, including mental anguish in the past and future as well as exemplary damages. Specifically, Plaintiffs assert that they are entitled to damages for sentimental value, replacement value of headstones, "actual value to owner," repair damages, and mental anguish in the past and future. When a plaintiff alleges a host of potential remedies, such a determination implies that the plaintiff is "seeking any possible grounds to maximize her recovery." *Morris v. Home Depot U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 20036, Civ. No. 3:10-CV-2289-B (N.D. Tex. Feb. 28, 2011). Further, allegations of mental anguish and punitive damages in unspecified amounts have been found to satisfy the required jurisdictional threshold in both the Fifth Circuit and the Southern District of Texas. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009); *Bates v. Laminack,* 938 F. Supp.2d 649, 656 (S.D. Tex. 2013).

3.3   Further, penalties, statutory damages, and punitive damages are generally included in the amount in controversy. *Morris*, 2011 U.S. Dist. LEXIS 20036, Civ. No. 3:10-CV-2289-B. Specifically, exemplary damages allowed by state statute are encompassed in the amount in

controversy.  *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir. 2001).  In Texas, exemplary damages may be awarded if the plaintiff proves "by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE ANN. § 41.003.  Here, Plaintiffs have alleged that their harm resulted from Southwest's gross negligence, and they have requested exemplary damages for Southwest's allegedly wanton and extreme conduct against them.

3.4     When multiple plaintiffs bring "a claim alleging punitive damages, a District Court in Texas must aggregate the punitive damages claims to determine whether the amount in controversy exceeds $75,000."  *Acosta v. Amoco Oil Co.*, 978 F. Supp. 703, 707 (S.D. Tex. 1997).  In this case, the Plaintiffs' exemplary damages claims are collective in nature in that they all arise out of the same facts and circumstances.  *See id.*  They have "united to enforce a single title or right in which they have a common and undivided interest, and seek to punish and deter this and other defendants from such actions in the future."  *Id.*  Accordingly, exemplary damages must be included and must be aggregated in determining the amount in controversy in this case. Given that 20 Plaintiffs are parties in the case at hand, in the aggregate their punitive damage claims, if successful, more likely than not will exceed $75,000, therefore invoking jurisdiction of this Court.  *See id.; see also Johnston v. Medina*, 2010 U.S. Dist. LEXIS 125354, Civil Action No. H-10-3689 (S.D. Tex. 2010) (discussing that the Fifth Circuit has found it "facially apparent that plaintiffs' damages exceeded the jurisdictional amount…when multiple plaintiffs sought punitive damages….").

3.5     In aggregating Plaintiffs' punitive damages claim with their claims for compensatory damages and damages for mental anguish in the past and future, it is facially apparent from Plaintiffs' Original Petition that the amount in controversy in this case exceeds $75,000.

## 4.     REMOVAL IS TIMELY AND PROPER

4.0     The citation and petition in this action were served on Southwest on September 22, 2020. This Notice of Removal is timely filed because Defendant Southwest is filing this removal within thirty (30) days of service of the petition.  28 U.S.C. § 1446(b).

4.1     There is a single defendant and consent from no additional parties is required.

## 5.     PROCEDURAL STATEMENTS

5.0     Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the Plaintiffs and Defendant are diverse in citizenship.

5.1     Removal to this Court is appropriate under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the State Court Action is pending.

5.2     All executed process, pleadings asserting causes of action, answers to such pleadings, orders, the docket sheet, list of all counsel of record, and an index of matters being filed are attached to this Notice of Removal as Exhibits A through D, as required by 28 U.S.C. § 1446(a).

5.3     Pursuant to Federal Rule of Civil Procedure 7.1, a Corporate Disclosure Statement accompanies this Notice of Removal.  *See* Ex. E.

5.3     A completed Federal Civil Cover Sheet and the removal fee also accompany this Notice of Removal.

5.4     As required by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the 430th Judicial District, Hidalgo County, Texas.

**6.  JURY DEMAND**

Plaintiffs demanded a jury trial in the State Court Action.

**7.  CONCLUSION**

Defendant Southwest Valley Constructors, Co. respectfully requests that the United States District Court for the Southern District of Texas, McAllen Division, accept this removal because it has jurisdiction under 28 U.S.C. §§ 1332 and 1441(a), in that complete diversity exists.

Dated: September 28, 2020

                                  Respectfully submitted,

                                  By: ___/s/Daniel G. Gurwitz_____
                                      Daniel G. Gurwitz
                                      Federal ID No. 16895
                                      State Bar No. 00787608
                                      Email: dgurwitz@atlashall.com
                                      P. O. Box 3725
                                      McAllen, Texas 78502
                                      Tel: (956) 682-5501
                                      Fax: (956) 686-6109
                        **ATTORNEY IN CHARGE FOR DEFENDANT SOUTHWEST VALLEY CONSTRUCTORS, CO.**

Of Counsel:
**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Box 3725
818 W. Pecan Blvd. (78501)
McAllen, Texas 78502
Tel: (956) 682-5501
Fax: (956) 686-6109

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below, in compliance with the Federal Rules of Civil Procedure on this 28th day of September, 2020:

Samuel Reyes
LAW OFFICE OF SAMUEL REYES, PLLC
2028 E. Griffin Parkway
Mission, TX 78572
Tel. No. (956) 600-7868
Fax No. (877) 390-1889
Email: Samuel@AttorneyReyes.com

                                                          */s/Daniel G. Gurwitz*
                                                          Daniel G. Gurwitz