Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

CAUSE NO. _____

| | | |
|---|---|---|
| **BELINDA SINGLETERRY,** | § | **IN THE DISTRICT COURT** |
| **JUAN ANTONIO SINGLETERRY,** | § | |
| **YOLANDA CASTILLO, LUIS A.** | § | |
| **PEREZ, BENILDE DE LA CERDA,** | § | |
| **JOSE L. SINGLETERRY, MARGARITO** | § | |
| **TORRES JR., MARIA A. TORRES, LUIS** | § | |
| **SINGLETERRY JR., FATIMA C. GONZALEZ** | § | |
| **FLORINDO SINGLETERRY JR, AIDA M.** | § | |
| **ALEMAN, ARMANDO ALEMAN,** | § | |
| **MAGDALENA ALEMAN, ALEJANDRO** | § | **_____JUDICIAL DISTRICT** |
| **ALEMAN, RAQUEL T. LEAL, FILOMENA** | § | |
| **REYES SINGLETERRY, HERLINDA** | § | |
| **SINGLETERRY, RODOLFO SINGLETERRY,** | § | |
| **ADELINA YARRITO, GRISELDA** | § | |
| **SINGLETERRY, and ERASMO SINGLETERRY,** | § | |
| **Plaintiffs** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **SOUTHWEST VALLEY CONSTRUCTORS CO.** | § | |
| **Defendant** | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND
## EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

1. NOW COME Plaintiffs, BELINDA SINGLETERRY, JUAN ANTONIO
   SINGLETERRY, MAGDALENA ALEMAN,     ARMANDO     ALEMAN,
   YOLANDA CASTILLO, LUIS A. PEREZ, BELINDA DE LA CERDA, JOSE L.
   SINGLETERRY, MARGARITO TORRES, JR., MARIA A. TORRES, LUIS
   SINGLETERRY JR.,  FATIMA C. GONZALEZ, FLORINDO SINGLETERRY, JR,
   AIDA M. ALEMAN, ALEJANDRO ALEMAN, RAQUEL T. LEAL, FILOMENA

1

# Exhibit C-1

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

REYES SINGLETERRY, HERLINDA SINGLETERRY, RODOLFO SINGLETERRY
ADELINA YARRITO, GRISELDA SINGLETERRY, ERASMO SINGLETERRY
hereinafter "Plaintiffs" and file this Plaintiffs' Original Petition against Defendant,
SOUTHWEST VALLEY CONTRACTORS CO., and in support of same would
respectfully show as follows:

## A.    PARTIES

2. Plaintiffs BELINDA SINGLETERRY, JUAN ANTONIO SINGLETERRY,

    YOLANDA CASTILLO, LUIS A. PEREZ, BENILDE DE LA CERDA, JOSE L.

    SINGLETERRY, MARGARITO TORRES, JR., MARIA A. TORRES, LUIS

    SINGLETERRY JR., FATIMA C. GONZALEZ, FLORINDO SINGLETERRY, JR,

    AIDA M. ALEMAN, ARMANDO ALEMAN, MAGDALENA ALEMAN,

    ALEJANDRO ALEMAN, RAQUEL T. LEAL, FILOMENA REYES SINGLETERRY,

    HERLINDA SINGLETERRY, RODOLFO SINGLETERRY, ADELINA YARRITO,

    GRISELDA SINGLETERRY, ERASMO SINGLETERRY are individuals and reside in

    the State of Texas.

3. Southwest Valley Constructors Co. is a construction company conducting construction

    business in Texas and has an office located at 1921 S Conway Avenue, Mission TX

    78572. Defendant may be served with a copy of the Citation and Plaintiffs' Original

    Petition via Certified Mail to 5130 Masthead Street Northeast Albuquerque, NM 87109.

## B.    JURISDICTION

4. The Court has personal jurisdiction over Defendant Southwest Valley Constructors, Co.

    because it has committed a tort in whole or in part in this state, TEX. CIV. PRAC. &

2

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

REM. CODE § 17.042(2). Exercising jurisdiction over Defendant comports with federal due process limitations.

5. The Court has specific personal jurisdiction over Defendant Southwest Valley Constructors Co. because Defendant has purposefully availed itself of the business of conducting construction activities in Texas and Plaintiffs' claims arise from or are related to those purposeful contacts. Defendant Southwest Valley Constructors, Co. has sought some benefit, advantage, or profit by availing itself of the jurisdiction. The Court has long arm jurisdiction over Defendant Southwest Valley Constructors, Co.

## C. VENUE

6. Venue is proper in this county under Sec. 15.002 of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to the claims occurred in this county.

## D. FACTS

7. Plaintiffs BELINDA SINGLETERRY, JUAN ANTONIO SINGLETERRY, YOLANDA CASTILLO, LUIS A. PEREZ, BENILDE DE LA CERDA, JOSE L. SINGLETERRY, MARGARITO TORRES, JR., MARIA A. TORRES, LUIS SINGLETERRY JR., FATIMA C. GONZALEZ, FLORINDO SINGLETERRY, JR, AIDA M. ALEMAN, ARMANDO ALEMAN, MAGDALENA ALEMAN, ALEJANDRO ALEMAN, RAQUEL T. LEAL, FILOMENA REYES SINGLETERRY, HERLINDA SINGLETERRY, RODOLFO SINGLETERRY, ADELINA YARRITO,

3

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

GRISELDA SINGLETERRY, ERASMO SINGLETERRY all have relatives that are
buried at the historic Eli Jackson Cemetery.

8. The Eli Jackson Cemetery is just down the road from the Jackson Ranch property and
   Jackson Ranch Church. It was founded in 1857. The founders of the Jackson Ranch
   Church and the Eli Jackson Cemetery were Nathaniel Jackson and Matilda Hicks.

9. The Eli Jackson Cemetery was certified with historical cemetery status in 2005. The
   cemetery not only contains graves from the Jackson family but also from other families,
   including veterans, and specifically Plaintiffs' relatives. The Eli Jackson Cemetery is
   estimated to contain at least 50 graves.

10. Plaintiffs are descendants and next of kin of deceased buried at Eli Jackson Cemetery.
    They have a common law right to protect, maintain and access the cemetery and burial
    plots. *Davis v. May*, 135 S.W.3d 747, 750 (Tex. App. 2003); *White v. Williams*, 57
    S.W.2d 385, 386 (Tex. Civ. App. 1933).

11. The relatives of persons buried in the Eli Jackson cemetery have the right to visit, to
    repair, protect and beautify the cemetery grounds. They also have the right of ingress and
    egress from the nearest public road that is closest to the cemetery.

12. Plaintiffs are asserting their common law rights to protect the burial plots from damage
    and destruction.

13. Plaintiffs also have a property interest to protect and prevent desecration of their relatives
    burial plots under the Texas Constitution, Art. 1. Sec. 19., "No citizen of this State shall
    be deprived of life, liberty or property, privileges or immunities, or in any manner

4

C-3174-20-J

disenfranchised, except by due course of the law of the land." The Fifth Amendment,

U.S. Constitution also provides the same rights to protect Plaintiffs.

14. During the later part of August 2020, Defendant Southwest Valley Constructors
Co. was conducting physical excavations, digging, removing dirt and scraping the
excavated land surface next to Eli Jackson Cemetery. Defendant Southwest Valley
Constructors' heavy machine operators used deliberate and excessive physical
actions with the heavy machinery. The negligent manner in which the construction,
digging, operation of heavy machinery, scraping the land, leveling of land,
placement of drainage pipes, and excavation is being carried out has caused for
Plaintiffs' burial plots to begin to sink due to excessive physical shaking
movements and vibrations caused by the heavy machinery.

15. Defendants have acted in a negligent manner and not within the proper procedures that
they were authorized in which to act in the performance of the construction operations
and do not enjoy any sovereign immunity.

16. The construction company building the border wall and its parallel road beside the Eli
Jackson Cemetery is Southwest Valley Constructors Co., which has an office at 1921 S
Conway Ave, Mission, TX 78572.

17. The border wall will act as a solid concrete wall barrier that will isolate plaintiffs and
other persons from the rest of the United States effectively leaving the cemetery in a "no
man's land" south of the proposed border wall with only brush and Rio Grande River to
the south of the cemetery. Additionally said construction and wall will prevent Plaintiffs
from reasonably accessing the historic cemetery.

5

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

18. Preventing Plaintiffs from reasonably accessing the cemetery property through this construction and border wall is a deprivation of Plaintiffs rights under the Texas Constitution, Art. 1. Sec. 19 and under the Fifth Amendment to the US Constitution.

19. The Eli Jackson Cemetery under common law is held in trust for plaintiffs who have relatives buried there. The owner of Eli Jackson Cemetery would hold title in fee simple "subject to the right or easement of the relatives of the deceased persons interred therein to visit the graves of such relatives, erect monuments thereon, and to provide other reasonable ornamentation thereof, and to protect such graves from wrongful desecration."

20. The construction of a border wall has commenced just off of the east perimeter of the historic cemetery. The construction is being conducted by Defendant Southwest Valley Constructors Co.

21. Plaintiffs have a legal right to have the historic cemetery undisturbed in its natural condition with only the additions of burial plots and headstones.

22. The natural condition of the historic cemetery will be disturbed and destroyed by the 18 foot solid concrete border wall and its parallel enforcement road that is now being constructed.

23. The natural condition of the historic burial plots and the Eli Jackson Cemetery would be destroyed by the road that would infringe on the cemetery.

24. The Eli Jackson Cemetery requires lateral support from the sides where there has been excavation and digging for the border wall, water drainage pipes, and its roadway.

6

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

25. Plaintiffs have a property interest under the Fifth Amendment in access, visitation, ornamentation, and the protection of the graves of such relatives that are buried thereon from desecration.

26. If the border wall and its accompanying road continues westward it will infringe into the property and graves of the Eli Jackson Cemetery. Plaintiffs have a property interest under the Fifth Amendment for the protection of the graves of relatives that are buried at the Eli Jackson Cemetery from desecration.

27. The perimeter of the cemetery extends northward beyond the fencing of the cemetery. It has been used for more than 10 years to dispose of used ornamentation and flowers placed on graves.

28. The construction of said wall/barrier acts as a taking of Plaintiffs' deceased family members burial plots without compensation. The rights to the burial plots have been handed down to Plaintiffs as their legal inheritance. If construction continues plaintiffs will suffer a loss of their ancestors' plots.

29. In addition to a deprivation of Plaintiffs' constitutional rights, Plaintiffs have also suffered severe mental anguish and emotional distress flowing from the deprivation.

30. Plaintiffs are requesting injunctive relief to prevent the deprivation of their constitutional rights of reasonable access, visitation, ornamentation, and to protect the graves of such relatives that are buried thereon from desecration.

31. If such relief is not granted irreparable harm will result.

7

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

32. Plaintiffs are asserting their common law rights and property interests under the Texas Constitution, Art. 1. Sec. 19 and under the 5th Amendment, U.S. Constitution to protect the burial plots and cemetery where their relatives are buried from the ongoing construction of the border wall and accompanying road. Said construction is causing excessive vibrations to the Plaintiff's relatives' burial plots that is causing damage to the graves.

33. Defendant is also violating the takings clause of the US Constitution as the border wall is currently being constructed in violation of Plaintiffs' property rights and without due compensation.

34. The Defendant Southwest Valley Constructors Co. has proximately caused mental anguish and emotional distress to Plaintiffs flowing from their breach of duty of care.

35. Plaintiffs assert their common law rights and constitutional rights to protect their relatives' graves and the cemetery grounds.

36. Plaintiffs also assert their common law rights and constitutional rights to unimpeded access to visit their relatives' graves and cemetery grounds.

37. Even if the United States purchased or negotiated for property that is next to the Eli Jackson Cemetery, the Plaintiffs' common law rights to egress and ingress remains to have unimpeded access to the Eli Jackson cemetery and burial plots.

38. The government's border wall and accompanying road may not impede such rights of ingress and egress.

## E.   CAUSES OF ACTION

## NEGLIGENCE, SUBJACENT AND LATERAL SUPPORT and STRICT LIABILITY CAUSES OF ACTION AGAINST SOUTHWEST VALLEY CONSTRUCTORS CO.

8

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

39. During the later part of August 2020, Defendant Southwest Valley Constructors
    Co. was conducting physical excavations, digging, removing dirt and scraping the
    excavated land surface next to Eli Jackson Cemetery. Defendant Southwest Valley
    Constructors' heavy machine operators used deliberate and excessive physical
    actions with the heavy machinery. The negligent manner in which the construction
    and excavation is being carried out has caused for Plaintiffs' burial plots to begin to
    sink due to excessive physical shaking movements and vibrations caused by the
    heavy machinery.

40. Defendant has acted in a negligent manner and not within the proper procedures that it
    was authorized in which to carry out the performance of the construction operations. Due
    to Defendant's negligence it does not enjoy any sovereign immunity.

41. Defendant Southwest Valley Constructors Co. had a duty of care not to cause damage to
    the Eli Jackson Cemetery and its burial plots while conducting construction activities on
    the adjoining properties.

42. The deliberate excessive physical actions of the heavy machinery operators and the
    manner in which the construction was being carried out caused for Plaintiffs' burial plots
    to begin to sink. There were excessive physical shaking movements and vibrations to the
    historic burial plots that caused some of the burial plots to slightly sink.

43. Damage also occurred to some of the headstones and other placements on the graves.

44. Additionally, such negligent acts have cause for subjacent and lateral support of the
    burial plots within Eli Jackson Cemetery to be damaged.

9

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

45. The ground support underneath the burial plots is subjacent support that is also being

affected with such side excavations and removal of large amounts of dirt from the sides

of the cemetery.

46. Defendant also had a duty of care to provide notice to Plaintiffs who had relatives buried

at the Eli Jackson Historic Cemetery, which they failed to provide.

47. There was a breach of duty of care by Southwest Valley Constructors, Co.

48. The breach of duty also results in strict liability against Southwest Valley Constructors

imposed by tort law.

49. Defendant Southwest Valley Constructors Co.'s breach of duty of care proximately

caused Plaintiffs' damages.

50. Plaintiffs' damages include the sinking of their relatives graves, damages to headstones,

mental anguish and emotional distress.

## DAMAGES

51. As a direct and proximate result of the acts of Defendant, the Plaintiffs,have suffered

damages and injuries and request the following damages:

(A.)    Sentimental value   - Plaintiffs are requesting the sentimental value for the
damage or destruction to the burial plots and headstones of plaintiffs' relatives.

(B.)    Replacement value of headstones;

(C.)    Actual value to owner;

(D.)    Repair damages – Costs of repair;

(E.)    Mental anguish in the past and in the future.

Plaintiffs seek monetary relief within the jurisdictional limits of the Court.

52.     Additionally, Plaintiffs are entitled to prejudgment interest on the respective
damages at the maximum legal rate provided by law.

53.     Plaintiffs are entitled to post-judgment interest on the respective damages at the

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

maximum legal rate provided by law.

## GROSS NEGLIGENCE

**Plaintiffs incorporate by reference the facts and allegations contained in the FACTS section and previous counts within this count, and in addition, allege as follows:**

54. Defendant Southwest Valley Constructors Co.'s omissions and acts constitute gross negligence in that there was an extreme degree of risk for Southwest Valley Constructors Co. to cause excessive ground vibrations to the historic Eli Jackson Cemetery. The cemetery has existed since the late 1800's and is a delicate piece of adjoining property. The ground vibrations caused by Defendant have traveled across the graveyard and caused settling of the ground causing graves to sink. Some of the graves situated in the cemetery are over 100 years old.

55. Defendant Southwest Valley Constructors Co.. had notice that a cemetery was located as an adjoining property to their construction work. The cemetery is labeled on signs placed by Defendant Southwest Valley Constructors Co. with diagrams of their intended construction.

56. Defendant Southwest Valley Constructors Co.. used heavy construction equipment to excavate and remove dirt as close as 40 feet from the cemetery. Defendants Southwest Valley Constructors Co. or their employees did not care as to whether their heavy construction equipment and its movements would cause excessive vibrations to the cemetery. Such acts and omissions caused Plaintiffs' burial plots and headstones to become damaged.

11

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

57. Southwest Valley Constructors Co. did not have any regard or care as to whether Plaintiffs' relatives' burial plots would be damaged by excessive vibrations or ground movements caused by the heavy machinery.

58. Southwest Valley Constructors Co. did not care as to whether Plaintiffs' relatives' burial plots would be damaged by their negligent acts that were not within their contracts and beyond the scope of the work that they had contracted to do.

59. Southwest Valley Constructors Co. did not contact Plaintiffs to provide notice of the exact date that construction would begin right next to the Eli Jackson Cemetery.

60. There was an extreme degree of risk in proceeding with the heavy machinery so close to the cemetery and using any excessive physical movements with the heavy machinery when it was certain to cause ground vibrations and ground movement to the cemetery.

61. The acts and omissions of Defendant foreseeably caused for some of the graves in the cemetery to sink.

62. Defendant Southwest Valley Constructors Co. had actual awareness of the extreme degree of risk involved with such careless indifference heavy machinery movements. Defendant knew of the repercussions with proceeding and nonetheless proceeded with indifference to the rights of Plaintiffs.

63. Defendant Southwest Valley Constructors Co. knew or should have known based on their profession and years of experience operating heavy machinery that such acts would cause excess vibrations and ground movements in the adjoining cemetery proximately causing damages to burial plots and headstones.

Case 7:20-cv-00299 Document 1-3 Filed on 09/28/20 in TXSD Page 13 of 25
Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu
C-3174-20-J

64. Defendant's acts and omissions or acts as described above, when viewed from the standpoint of Defendant at the time of the incident, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.

65. Defendant Southwest Valley Constructors Co. and their heavy machine operators had actual, subjective awareness of the risk but nevertheless proceeded to use the heavy machinery in a careless manner.

66. This was done with a conscious indifference to the rights, safety, or welfare of Plaintiffs that amounts to gross negligence.

67. The deliberate excessive physical actions of the heavy machinery operators and the manner in which the construction is being carried out has caused for Plaintiffs' burial plots to begin to sink. There are excessive physical shaking movements and vibrations to the historic burial plots that are causing some of the burial plots to slightly sink.

## APPLICATION FOR EX PARTE TEMPORARY RESTRAINING ORDER

**Plaintiffs incorporate the previous paragraphs and Facts section as if fully set herein**

68. Plaintiffs' Application for an Ex Parte Temporary Restraining Order is authorized by the Texas Civil Practice & Remedies Code and the Rule 680 of the Texas Rules of Civil Procedure.

69. The Ex Parte Temporary Restraining Order against Southwest Valley Constructors, Co. is necessary because the construction that has already occurred to the east side of the historic Eli Jackson Cemetery has caused some of the graves to sink and shift. This is due to the excessive shaking and vibrations of the ground caused by the use of heavy machinery.

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

70. Additionally, the historic Eli Jackson Cemetery has been part of the landscape. It depends on lateral support from the neighboring lots. There has been excavation, digging and removal of much dirt from the immediate east side of the cemetery. This creates a real and foreseeable risk that the land in the cemetery will collapse to the side.

71. The cemetery depends on lateral support from the land being in place on the side. Removal of such great amounts of dirt from the side will cause the ground in the cemetery to shift, collapse and crumple.

72. Defendants failed to provide notice of their intentions to conduct such heavy excavation that could have an impact on the Eli Jackson Historic Cemetery and affect the rights of the relatives of persons buried in the Eli Jackson Cemetery.

73. Plaintiffs ask the Court to restrain Defendant from continuing with such destructive construction of the roadway and border wall or barrier within 100 feet from the historic Eli Jackson Cemetery. It is foreseeable that continued construction will cause destructive conditions to the historic cemetery.

## REQUEST FOR TEMPORARY INJUNCTION

### Plaintiff incorporate the previous paragraphs and Facts section as if fully set herein

74. Plaintiffs ask the court to set Plaintiffs' Application for Temporary Injunction for a hearing and, after the hearing, issue a temporary injunction against the defendant, Southwest Valley Constructors Co.

75. Plaintiffs have joined all indispensable parties under Texas Rule of Civil Procedure.

76. Plaintiffs are requesting an injunction against Southwest Valley Constructors Co. immediately prohibiting any further excavations or construction conducted by Defendant

14

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

Southwest Valley Constructors Co. or at the direction of defendant within 100 feet from Eli Jackson Cemetery.

77. There is imminent danger that the ground where Plaintiffs' burial plots are located will continue to collapse.

78. Plaintiffs will likely suffer irreparable harm if defendants are not restrained from erecting the border wall and accompanying road. Plaintiffs will also suffer irreparable injury if defendants are not restrained from constructing the road parallel to the border wall while this lawsuit is pending.

79. If the border wall and its accompanying road continues westward it will infringe into the property and graves of the Eli Jackson Cemetery and cause irreparable harm. Plaintiffs have a common law interest to protect the graves of their relatives.

80. The perimeter of the cemetery extends northward beyond the fencing of the cemetery. It has been used for more than 10 years to dispose of used ornamentation and flowers placed on graves.

81. The border wall and accompanying road would also prevent the Plaintiffs' and the general public from reasonably accessing the historic cemetery.

82. The border wall and its continued ongoing construction would also cause irreparable injury to the plaintiffs because the vibrations and ground movements caused by the heavy machinery is irreparably damaging the burial plots. Such acts have caused Plaintiffs to suffer mental anguish.

83. There will be no adequate remedy at law if Defendants are not restrained because the graves will be irreparably damaged.

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

84. The harm that will result if the temporary restraining order against Southwest Valley Constructors Co. is not issued is irreparable because the historic cemetery and the burial plots will be damaged beyond repair. The lateral support of the historic Eli Jackson Cemetery will be destroyed causing shifting and collapse. If that happens it will destroy the graves. Plaintiffs have a common law right to protect the graves of their relatives.

85. The requisite anticipated injury or harm caused by the mental anguish sustained due to the placement of a wall that prevents visiting their ancestors' graves constitutes irreparable harm. The irreparable harm complained of is of a peculiar nature such that monetary compensation will not provide proper atonement or make Plaintiffs whole.

86. The harm to Plaintiffs by the continued construction outweighs the harm that would be sustained by Defendant if the preliminary injunction were granted. Currently there are some graves that are sinking due to the actions of defendants more fully described in the previous paragraphs. According to the current owner of the Jackson Ranch and Jackson Chapel there is estimated to be over 50 graves at the Eli Jackson Cemetery.

87. There is not enough time to serve notice on Defendant Southwest Valley Constructors, Co.and to set and hold a hearing on this application. Tex.R.Civ.P. 680.

88. Plaintiffs request that the Ex Parte Temporary Restraining Order be in effect for 14 days.

89. It is probable that the plaintiffs will recover from the defendants after a trial on the merits. This is because the workers from Southwest Valley Constructors are destroying the lateral support for the historic Eli Jackson Cemetery.

90. Additionally, it is probable that Plaintiffs will recover from Defendant Southwest Valley Constructors Co at the trial on the merits. This is because during the later

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

part of August 2020, Defendant Southwest Valley Constructors Co was conducting physical excavations, digging, removing dirt and scraping the excavated land surface next to Eli Jackson Cemetery.

91. Defendant Southwest Valley Constructors Co.'s heavy machine operators used deliberate and excessive physical actions with the heavy machinery. The negligent manner in which the construction and excavation was being carried out caused for Plaintiffs' burial plots to begin to sink due to excessive physical shaking movements and vibrations caused by the heavy machinery to the historic burial plots. Defendant Southwest Valley Constructors, Co. does not enjoy sovereign immunity.

92. There was a breach of duty of care by Southwest Valley Constructors Co. This breach of duty also results in strict liability imposed by tort law. Defendant Southwest Valley Constructors' breach of duty of care proximately caused Plaintiffs' damages.

93. Defendant Southwest Valley Constructors Co. acted in a negligent manner and not within the proper procedures that he was authorized in which to act in the performance of the construction operations and do not enjoy any sovereign immunity.

94. If Plaintiffs' application is not granted, the imminent harm is certain to occur because the burial plots of Plaintiffs' relatives will continue to sink and be irreparably damaged. There will also be shifting of the burial ground and the ground will crumple without proper lateral support. Complete destruction of lateral support will occur if digging and removal of dirt from the side continues.

95. The harm that will result if the temporary restraining order is not issued is irreparable because the historic cemetery and the burial plots will be damaged beyond repair. The

Case 7:20-cv-00299   Document 1-3   Filed on 09/28/20 in TXSD   Page 18 of 25
Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

lateral support of the historic Eli Jackson Cemetery will be destroyed causing shifting and collapse. If that happens it will destroy the graves. Plaintiffs have a common law right to protect the graves of their relatives.

96. Plaintiffs have no adequate remedy at law because if the defendant is not restrained the burial plots and buried remains of Plaintiffs' relatives will be destroyed. Plaintiffs will also suffer greater mental anguish if the Ex Parte T.R.O. is not granted.

97. Plaintiffs are willing to  post a minimal bond and also request that bond be waived.

98. There is not enough time to serve notice on defendants and to hold a hearing on this application and Plaintiffs request that an Ex Parte T.R.O. be granted.

99. Plaintiffs request that the court set their application for preliminary injunction for hearing at the earliest possible time, and after hearing the request, to issue a preliminary injunction against the Defendants.

## REQUEST FOR PERMANENT INJUNCTION

100.    Plaintiffs request that the Court set their application for injunctive relief for a full trial on the issues in this application, and after the trial, to issue a permanent injunction against Defendants from any further construction.

## RESPONDEAT SUPERIOR THEORY

### Plaintiff incorporates the fact section as if fully set forth herein

101.    Defendant is responsible and liable for all of the tortious acts of its agents and employees complained of herein under the vicarious liability theory of Respondeat Superior.

18

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

## EXEMPLARY DAMAGES

102. The grossly negligent acts of Defendant Southwest Valley Constructors Co. were of such a wanton and extreme nature when viewed from the standpoint of the average person that Plaintiffs are entitled to and do seek punitive and exemplary damages against Defendant.

## REQUEST FOR DISCLOSURE

**103.** Defendant Southwest Valley Constructors Co. is requested to disclose, within fifty (50) days of service hereof, the information and material described in Rule 194.2(a) through Rule 194.2(1) of the Texas Rules of Civil Procedure to Law Office of Samuel Reyes, P.L.L.C., 2028 E. Griffin Parkway, Mission, Texas 78572.

## JURY DEMAND

104. Plaintiffs hereby demand a Trial by Jury.

## PRAYER

105. For these reasons, Plaintiffs ask that the Court do the following:

a. Issue an Ex Parte Temporary Restraining Order;

b. Issue a Temporary Injunction;

c. Issue a Permanent Injunction;

d. Award Actual damages;

e. Award Prejudgment and postjudgment interest;

f. Award Reasonable attorneys fees and costs

f. Court costs; and

g. All other relief to which plaintiffs are entitled to.

19

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3174-20-J**

Respectfully submitted,

## LAW OFFICE OF SAMUEL REYES, PLLC

2028 E. Griffin Parkway
Mission, TX 78572
Tel. No. (956) 600-7868
Fax No.: (877) 390-1889

By: /s/ Samuel Reyes
Samuel Reyes
State Bar No. 24062961
E Mail: Samuel@AttorneyReyes.com

| COUNTY OF HIDALGO | § |
| | § |
| STATE OF TEXAS | § |

### AFFIDAVIT OF ADELINA YARRITO IN SUPPORT OF PLAINTIFFS' EX PARTE TEMPORARY RESTRAINING ORDER

My name is Adelina Yarrito. I am of sound mind, over the age of 18 and capable of making this sworn statement. I have personal knowledge of the facts stated in this affidavit and they are true and correct.

1. "I am asking that the Court issue an Ex Parte Temporary Restraining Order against Southwest Valley Constructors, Co."
2. "Reasons include that Southwest Valley Constructors, Co.'s bulldozers, excavators, and backhoes used in the construction of a border wall and its 150 foot enforcement zone road has caused graves in the Eli Jackson historic Cemetery to sink. Some headstones have also shifted."
3. "Southwest Valley Constructors, Co. heavy machine operators have used excessive movements with the heavy machines that caused excessive shaking and vibrations to the adjoining cemetery ground."
4. "I have relatives buried at the Eli Jackson Cemetery and their burial plots are in imminent danger of further damages."
5. "I have a right to protect the graves from damage caused by the heavy ground construction by Southwest Valley Constructors, Co."
6. "I am requesting a TRO and injunction prohibiting any further excavations conducted by Southwest Valley Constructors or other construction companies immediately within 100 feet from Eli Jackson Cemetery."
7. "There is imminent danger that the ground where Plaintiff's burial plots are located will continue to sink and eventually collapse."
8. "The historic Eli Jackson Cemetery has been part of the overall landscape. It depends on lateral support from its neighboring lots. There has been much digging and removal of much dirt from the immediate east side of the cemetery. This may cause for the land in the cemetery to collapse to the side."
9. "The Eli Jackson cemetery also depends on lateral support from the land being in place on the sides of the cemetery. Removal of such great amounts of dirt from the side will cause the ground in the cemetery to shift, collapse and crumple.
10. "Defendant failed to provide notice to the relatives of persons buried in the Eli Jackson Cemetery of such dangers."
11. "Plaintiffs will likely suffer irreparable harm if SouthWest Valley Constructors, Co. or any other construction company are not immediately restrained from such heavy machinery construction work that causes such damaging ground movements and vibrations to the historic cemetery."
12. It is probable that Plaintiffs will win on trial because we have witnesses and videos that will show that the negligence of Southwest Valley Constructors, Co. has already caused damage to burial plots in the Eli Jackson Cemetery.

## C-3174-20-J

13. "Defendant Southwest Valley Constructor's heavy machine operators used deliberate and excessive physical actions with the heavy machinery. The negligent manner in which the construction and excavation was being carried out caused for Plaintiffs' burial plots to begin to sink due to excessive physical shaking movements and vibrations caused by the heavy machinery to the historic burial plots. They acted hurriedly and carelessly without using any due care. This caused some of the burial plots to slightly sink and headstones to move causing damage."

14. "Complete destruction of lateral support of the Eli Jackson Cemetery will occur if more digging and removal of more dirt from the sides of the cemetery continues with the Border Wall and road construction."

15. "There is not enough time to serve the defendant and have a hearing because Southwest Valley Constructors, Co. is currently working in the immediate area with heavy machinery." "Such irreparable damage will be done to the burial plots where my relative is buried and the relatives of the other plaintiffs are buried in the Eli Jackson Cemetery if an ex Parte TRO is not immediately issued."

16. "The above statements are true and correct."

*Adelina Yarrito*
Adelina Yarrito

SWORN to and SUBSCRIBED before me, the undersigned authority, on the 10th day of September 2020, by Adelina Yarrito known by me to be the person signing this affidavit.

ROCIO MAYES
Notary ID #129604361
My Commission Expires
January 3, 2022

*Rocio Mayett*
Notary Public in and For
The State of Texas

January 3, 2022
My commission expires on:

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

CAUSE NO. _____

| | | |
|---|---|---|
| **BELINDA SINGLETERRY,** | § | **IN THE DISTRICT COURT** |
| **JUAN ANTONIO SINGLETERRY,** | § | |
| **YOLANDA CASTILLO, LUIS A.** | § | |
| **PEREZ, BENILDE DE LA CERDA,** | § | |
| **JOSE L. SINGLETERRY, MARGARITO** | § | |
| **TORRES JR., MARIA A. TORRES, LUIS** | § | |
| **SINGLETERRY JR., FATIMA C. GONZALEZ** | § | |
| **FLORINDO SINGLETERRY JR, AIDA M.** | § | |
| **ALEMAN, ARMANDO ALEMAN,** | § | |
| **MAGDALENA ALEMAN, ALEJANDRO** | § | **____JUDICIAL DISTRICT** |
| **ALEMAN, RAQUEL T. LEAL, FILOMENA** | § | |
| **REYES SINGLETERRY, HERLINDA** | § | |
| **SINGLETERRY, RODOLFO SINGLETERRY,** | § | |
| **ADELINA YARRITO, GRISELDA** | § | |
| **SINGLETERRY, and ERASMO SINGLETERRY,** | § | |
| **Plaintiffs** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **SOUTHWEST VALLEY CONSTRUCTORS CO.** | § | |
| **Defendant** | § | **HIDALGO COUNTY, TEXAS** |

## TEMPORARY EX PARTE RESTRAINING ORDER AND ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

1.   After considering Plaintiffs' Application for Ex Parte Temporary Restraining Order, the pleadings, the affidavit of Plaintiff Adelina Yarrito, and arguments of counsel,  the Court finds there is evidence and it clearly appears from the specific facts provided by Adelina Yarrito's affidavit that immediate and irreparable harm, damages, loss or injury will result to the applicants before notice can be served on Defendant and a hearing held thereon.

2.   Irreparable harm is imminent to Plaintiffs, and if the court does not issue the ex parte temporary restraining order, plaintiffs will be irreparably injured as affirmed to in Plaintiff Yarrito's affidavit:

"Reasons include that Southwest Valley Constructors Co.'s bulldozers, excavators, and backhoes used in the construction of a border wall and its 150 foot enforcement zone road has caused graves in the Eli Jackson historic Cemetery to sink. Some headstones have also

1

Case 7:20-cv-00299   Document 1-3   Filed on 09/28/20 in TXSD   Page

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

shifted."

"Southwest Valley Constructors Co. heavy machine operators have used excessive movements with the heavy machines that caused excessive shaking and vibrations to the adjoining cemetery ground."

"I have relatives buried at the Eli Jackson Cemetery and their burial plots are in imminent danger of further damages."

"I have a right to protect the graves from damage caused by the heavy ground construction by Southwest Valley Constructors Co."

"I am requesting a TRO and injunction prohibiting any further excavations conducted by Southwest Valley Constructors or other construction companies immediately within 100 feet from Eli Jackson Cemetery."

The Court therefore, *GRANTS* the Temporary Ex Parte Restraining Order.

3.      An ex parte order, without notice to Defendant Southwest Valley Constructors, is necessary because there was not enough time to give notice to defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage   would occur. Specifically: Southwest Valley Constructors Co. has already caused damage to graves that are situated in the Eli Jackson Cemetery. The historic Eli Jackson Cemetery containing Plaintiffs' burial plots is immediately adjoining the land where Defendant is engaging in construction of the border wall and the accompanying enforcement road. If they are not immediately restrained Plaintiffs will suffer irreparable harm to their relatives' burial plots and headstones. There is imminent danger that the ground where Plaintiffs' burial plots are located will continue to sink and eventually collapse destroying the remains of their relatives.

4.      Therefore, by this order, the Court does the following:

a.      Restrains Defendant Southwest Valley Constructors, Co. from continued construction, excavation, scraping, leveling of land, installing drainage pipes, digging and removal of dirt, or any construction activity conducted within 100 feet from the immediate outside perimeter of the Eli Jackson Cemetery located on West Doffin Rd., Pharr, TX 78577.

b.      Orders the clerk to issue notice to Defendant, Southwest Valley Constructors Co., that a hearing on plaintiffs' application for temporary injunction is set for _____ 2020, at _____ a.m./p.m. in the _____ Judicial District Court. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

c.  _____  Bond is waived, or
    _____  Sets bond at $ _____ .

2

Electronically Filed
9/15/2020 6:43 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3174-20-J

This order expires on _____, 2020.

SIGNED on _____, 2020, at _____m.

_____
PRESIDING JUDGE

Cc: Samuel Reyes, Law Office of Samuel Reyes, P.L.L..C., 2028 E. Griffin Parkway Mission, TX 78572, Tel. No. (956) 600-7868, Fax No.2 (877) 390-1889, *Samuel@AttorneyReyes.com*, Attorney for Plaintiffs

Southwest Valley Constructors Co., 5130 Masthead Street Northeast Albuquerque, NM 87109.