Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

## CAUSE NO.  C-3174-20-J

| | | |
|---|---|---|
| BELINDA SINGLETERRY, JUAN ANTONIO | § | IN THE DISTRICT COURT |
| SINGLETERRY, ALBERT JACKSON-MUNOZ, | § | |
| ALBERT JACKSON, JR.,  JUAN JOSE JACKSON, | § | |
| GRACIELA JACKSON, JUANITA JACKSON, | § | |
| ALICIA JACKSON FLORES, JAMIE JACKSON | § | |
| BREON, RAMIRO R. RAMIREZ, | § | |
| MELINDA RAMIREZ,  SYLVIA RAMIREZ, | § | |
| LUIS A. PEREZ, BENILDE DE LA CERDA, | § | |
| JOSE L. SINGLETERRY, MARGARITO | § | |
| TORRES JR., MARIA A. TORRES, LUIS | § | |
| SINGLETERRY JR., FATIMA C. GONZALEZ | § | |
| FLORINDO SINGLETERRY JR., AIDA M. | § | |
| ALEMAN, ARMANDO ALEMAN, | § | |
| MAGDALENA ALEMAN, ALEJANDRO | § | 430TH JUDICIAL DISTRICT |
| ALEMAN, RAQUEL T. LEAL, FILOMENA | § | |
| REYES SINGLETERRY, HERLINDA | § | |
| SINGLETERRY, RODOLFO SINGLETERRY, | § | |
| ADELINA YARRITO, GRISELDA SINGLETERRY, | § | |
| BENITO DE LEON,  ERASMO SINGLETERRY, | § | |
| MARIA YARRITO FLORES, YOLANDA CASTILLO, | § | |
| CONSUELO YARRITO, AND GINA WISDOM, | § | |
| Plaintiffs | § | |
| vs. | § | |
| | § | |
| SOUTHWEST VALLEY CONSTRUCTORS, CO. | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFFS' FIRST AMENDED  PETITION AND
### EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

1.     NOW  COME  Plaintiffs,  BELINDA  SINGLETERRY,  JUAN  ANTONIO

SINGLETERRY,  ALBERT  JACKSON-MUNOZ,  ALBERT  JACKSON,  JR.,  JUAN  JOSE

JACKSON, GRACIELA JACKSON, ALICIA JACKSON FLORES, JUANITA JACKSON, JAMIE

# Exhibit C-4

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

JACKSON BREON, RAMIRO R, RAMIREZ, SYLVIA RAMIREZ, MELINDA RAMIREZ, LUIS A. PEREZ, BENILDE DE LA CERDA, JOSE L. SINGLETERRY, MARGARITO TORRES JR., MARIA A. TORRES, LUIS SINGLETERRY JR., FATIMA C. GONZALEZ, FLORINDO SINGLETERRY JR, AIDA M. ALEMAN,  ARMANDO ALEMAN, MAGDALENA ALEMAN, ALEJANDRO ALEMAN, RAQUEL T. LEAL, FILOMENA REYES SINGLETERRY, HERLINDA SINGLETERRY, RODOLFO SINGLETERRY, ADELINA YARRITO, GRISELDA SINGLETERRY, BENITO DE LEON, ERASMO SINGLETERRY, AND MARIA YARRITO FLORES, YOLANDA CASTILLO, CONSUELO YARRITO, and GINA WISDOM hereinafter "Plaintiffs" and file this Plaintiffs' First Amended Petition and Ex Parte Application for Temporary Restraining Order against Defendant, SOUTHWEST VALLEY CONSTRUCTORS CO., and in support of same would respectfully show as follows:

### A.   PARTIES

2.    Plaintiffs BELINDA SINGLETERRY, JUAN ANTONIO SINGLETERRY, ALBERT JACKSON-MUNOZ, ALBERT JACKSON, JR., JUAN JOSE JACKSON, GRACIELA JACKSON, ALICIA JACKSON FLORES, JUANITA JACKSON, JAMIE JACKSON BREON, RAMIRO R, RAMIREZ, SYLVIA RAMIREZ, MELINDA RAMIREZ, LUIS A. PEREZ, BENILDE DE LA CERDA, JOSE L. SINGLETERRY, MARGARITO TORRES JR., MARIA A. TORRES, LUIS SINGLETERRY JR., FATIMA C. GONZALEZ, FLORINDO SINGLETERRY JR, AIDA M. ALEMAN, ARMANDO ALEMAN, MAGDALENA ALEMAN, ALEJANDRO ALEMAN, RAQUEL T. LEAL, FILOMENA REYES SINGLETERRY, HERLINDA SINGLETERRY, RODOLFO SINGLETERRY, ADELINA YARRITO, GRISELDA SINGLETERRY, BENITO DE LEON, ERASMO SINGLETERRY, AND MARIA YARRITO FLORES, YOLANDA CASTILLO, CONSUELO YARRITO, and GINA WISDOM are individuals and reside in the State of Texas.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

3.      Defendant Southwest Valley Constructors Co. is a construction company conducting construction business in Texas and has an office located at 1921 S Conway Avenue, Mission TX 78572 as well as an office at 5130 Masthead St. Northeast, Albuquerque, New Mexico.  Defendant Southwest Valley Constructors Co., its agent or officers of the corporation may be served with a copy of the Citation and Plaintiffs' First Amended Petition via Certified Mail or by personal service wherever Defendant, its agents, or its officers may be found, or to their registered agent in Texas, C.T. Corp. System, 1999 Bryan Street, Suite 900, Dallas TX 75201.

## B.    JURISDICTION

4.      The Court has personal jurisdiction over Defendant Southwest Valley Constructors, Co.  because it has committed a tort in whole or in part in this state, TEX. CIV. PRAC. & REM. CODE § 17.042(2). Exercising jurisdiction over Defendant comports with federal due process limitations.

5.      The Court has specific personal jurisdiction over Defendant Southwest Valley Constructors Co. because Defendant has purposefully availed itself of the business of conducting construction activities in Texas, and Plaintiffs' claims arise from or are related to those purposeful contacts. Defendant Southwest Valley Constructors, Co. has sought some benefit, advantage, or profit by availing itself to the jurisdiction of this Court in Texas. This Court has long arm jurisdiction over Defendant Southwest Valley Constructors, Co.

## C.    VENUE

6.      Venue is proper in this county under Sec. 15.002 of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to the claims occurred in this county.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

**D.    FACTS**

7. Plaintiffs BELINDA SINGLETERRY, JUAN ANTONIO SINGLETERRY, ALBERT JACKSON-MUNOZ, ALBERT JACKSON, JR., JUAN JOSE JACKSON, GRACIELA JACKSON, ALICIA JACKSON FLORES, JUANITA JACKSON, JAMIE JACKSON BREON, RAMIRO R, RAMIREZ, SYLVIA RAMIREZ, MELINDA RAMIREZ,   LUIS A. PEREZ, BENILDE DE LA CERDA, JOSE L. SINGLETERRY, MARGARITO TORRES JR., MARIA A. TORRES, LUIS SINGLETERRY JR., FATIMA C. GONZALEZ, FLORINDO SINGLETERRY JR, AIDA M. ALEMAN, ARMANDO ALEMAN, MAGDALENA ALEMAN, ALEJANDRO ALEMAN, RAQUEL T. LEAL, FILOMENA REYES SINGLETERRY, HERLINDA SINGLETERRY, RODOLFO SINGLETERRY, ADELINA YARRITO, GRISELDA SINGLETERRY, BENITO DE LEON, ERASMO SINGLETERRY, AND MARIA YARRITO FLORES, YOLANDA CASTILLO, CONSUELO YARRITO, and GINA WISDOM all have relatives that are buried at the historic Eli Jackson Cemetery.

8.    Plaintiffs RAMIRO R, RAMIREZ, SYLVIA RAMIREZ, MELINDA RAMIREZ, all have relatives that are buried at the historic Jackson Ranch Church and Cemetery.  Plaintiff Ramiro R. Ramirez is the owner of the Jackson Ranch Church and Cemetery.  The Jackson Ranch Church and Cemetery is a historic site and one of the first Protestant churches in Hidalgo County. The Protestant congregation began meeting and holding religious services at that site and at the small chapel in 1883.

9.    The Eli Jackson Cemetery is just down the road a couple of lots from the Jackson Ranch Church and Cemetery. The Jackson Ranch Church was founded in 1857. The founders of the Jackson Ranch Church and the Eli Jackson Cemetery were Nathaniel Jackson and Matilda Hicks.

10.    The Eli Jackson Cemetery was certified with historical cemetery status in 2005. The cemetery not only contains graves from the Jackson family but also from other families,

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

including veterans, and specifically Plaintiffs' relatives. The Eli Jackson Cemetery is estimated to contain at least 50 graves.  The Jackson Ranch Church Cemetery contains at least 35 graves.

11.     Plaintiffs are descendants and next of kin of deceased buried at the historic Eli Jackson Cemetery and/or the Jackson Ranch Church Cemetery. They have a common law right to protect, prevent desecration, maintain and access the cemetery and burial plots. *Davis v. May* , 135 S.W.3d 747, 750 (Tex. App. 2003); *White v. Williams* , 57 S.W.2d 385, 386 (Tex. Civ. App. 1933).

12.     The relatives of persons buried in the Eli Jackson cemetery and Jackson Ranch Church Cemetery have the right to visit, to repair, protect and beautify the cemetery grounds. They also have the right of ingress and egress from the nearest public road that is closest to the cemetery.

13.     Plaintiffs are asserting their common law rights to protect the burial plots from damage and destruction.

14.     In addition to Plaintiffs' common law rights, they also enjoy a property interest to protect and prevent desecration of their relatives' burial plots under the Texas Constitution, Art. 1. Sec. 19., which states, "No citizen of this State shall be deprived of life, liberty or property, privileges or immunities, or in any manner disenfranchised, except by due course of the law of the land." The Fifth Amendment to the  U.S. Constitution also provides the same rights that protect Plaintiffs.

15.     During the later part of August 2020, Defendant Southwest Valley Constructors Co. was conducting physical excavations, digging, removing dirt and scraping the excavated land surface next to Eli Jackson Cemetery.

16.     Defendant Southwest Valley Constructors Co's heavy machine operators used deliberate and excessive physical actions with the heavy machinery. The negligent manner in

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

which the construction, digging, operation of heavy machinery, scraping the land, leveling of

land, placement of drainage pipes, and excavation is being carried out has caused for Plaintiffs'

burial plots to begin to sink due to excessive physical shaking movements and vibrations caused

by the heavy machinery.

17.     Defendant Southwest Valley Constructors Co. failed to conduct an adequate

study to determine whether their heavy equipment and construction of a wall and road

enforcement zone immediately next to the Eli Jackson Cemetery and  the Jackson Ranch

Church and Cemetery would cause any damage to burial plots or structural damage to the

historic church.

18.     Plaintiffs also allege that the construction is not being carried out in accordance

with the plans approved by the federal government.

19.     Defendant has acted in a negligent manner and not within the proper procedures

that it was authorized in which to act in the performance of the construction operations.

Defendant does not enjoy any sovereign immunity.

20.     Defendant's construction near the Jackson Ranch Church and Cemetery in

September 2020 has caused damage to the Jackson Ranch Church.

21.     The Defendant,  Southwest Valley Constructors Co., is the construction company

building the border wall and its parallel road beside the Eli Jackson Cemetery and the Jackson

Ranch Church and Cemetery.  Defendant has an office at 1921 S Conway Ave, Mission, TX

78572.

22.     The border wall will act as a solid concrete wall barrier that will isolate plaintiffs and

other persons from the rest of the United States effectively leaving the cemetery in a "no man's

land" south of the proposed border wall with only brush and Rio Grande River to the south of the

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

cemeteries. Additionally said construction and wall will prevent Plaintiffs from reasonably accessing the historic cemetery.

23.     The Eli Jackson Cemetery under common law is held in trust for plaintiffs who have relatives buried there. The owner of Eli Jackson Cemetery would only hold title in fee simple "subject to the right or easement of the relatives of the deceased persons interred therein to visit the graves of such relatives, erect monuments thereon, and to provide other reasonable ornamentation thereof, and to protect such graves from wrongful damage or desecration."

24.     The construction of a border wall has commenced just off of the east perimeter of the historic cemetery. The construction is being conducted by Defendant Southwest Valley Constructors Co.

25.     During the later part of August 2020, Defendant Southwest Valley Constructors Co. conducted physical excavations, digging, removing dirt and scraping the excavated land surface next to Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery. Defendant Southwest Valley Constructors' heavy machine operators used deliberate and excessive physical actions with the heavy machinery. The negligent, hurried manner in which the construction and excavation is being carried out has caused for Plaintiffs' burial plots to begin to sink due to excessive physical shaking movements and vibrations caused by the heavy machinery.

26.     Defendant Southwest Valley Constructors Co. performed site clearing for construction of the enforcement that will be right beside the Eli Jackson Cemetery and Jackson Ranch Church and Cemetery.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

27.     The site clearing used heavy machinery to uproot trees and remove shrub and vegetation. The negligent hurried manner in which the construction and excavation was done was a breach of their duty of care not to cause damage to the adjoining property.

28.     To perform the site clearing, Defendant used negligent movements with their vibration inducing machinery.  The heavy machinery is known to cause vibrations and ground movements to adjoining properties.   The adjoining property contains burial plots that are delicate and over 100 years old and more delicate than a plain adjoining property.

29.     Defendant had a duty of care not to damage the historic cemeteries that have existed since the late 1800's with the vibrations or ground movements emanating from their heavy machinery construction.

30.     The heavy machinery included excavators, bulldozers, tracked heavy machinery, ground compactors, and rollers.

31.     The heavy machinery construction was as close as 40 feet beside the Eli Jackson Cemetery that sent damaging ground vibrations into the cemetery that caused damages.

32.     Such negligent acts caused Plaintiffs' burial plots to be damaged and begin to sink due to excessive physical shaking movements and vibrations caused by the negligent heavy machinery movements.

33.     The site clearing has also caused swarms of feral hogs to be channeled to the Eli Jackson Cemetery.

34.     This has caused ground damage and poses a danger to Plaintiffs when they visit the cemetery.

35.     Defendant has acted in a negligent manner and not within the proper scope and procedures that were authorized in which to carry out the performance of the construction operations. Due to Defendant's negligence it does not enjoy any sovereign immunity.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

36.    Defendant Southwest Valley Constructors Co. had a duty of care not to cause damage to the Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery and its burial plots while conducting construction activities on the adjoining properties.

37.    Plaintiffs have a legal right to bring legal action for damage to the church, the burial plots of their relatives and to the historic cemeteries where they are situated.

38.    The natural condition of the historic cemeteries will be disturbed and destroyed by the 18 foot solid concrete border wall and its parallel enforcement road that is now being constructed in close proximity.

39.    The natural condition of the historic cemeteries and their burial plots are being damaged and destroyed by the removal of  great amounts of dirt and negligent heavy construction by Defendant.

40.    The Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery requires lateral support from the sides where there has been excavation and digging for the border wall, water drainage pipes, and its roadway.  Plaintiffs have a property interest under the Fifth Amendment in access, visitation, ornamentation, and the protection of the graves of such relatives that are buried thereon from desecration.

41.    The perimeter of the Eli Jackson Cemetery extends northward beyond the fencing of the cemetery. It has been used for more than 10 years for different purposes.  Such property belongs to Plaintiffs under Adverse Possession statutes.

42.    The rights to the burial plots have been handed down to Plaintiffs as their legal inheritance.  If  such negligent construction continues plaintiffs will suffer irreparable damage to their ancestors' burial plots.

43.    Plaintiffs have also suffered severe mental anguish and emotional distress proximately caused by Defendant's breach of duty of care.

44.    Plaintiffs are requesting injunctive relief to prevent the deprivation of their constitutional rights of reasonable access, visitation, ornamentation, and to protect the graves of such relatives that are buried thereon from desecration.

45.    If such relief is not granted irreparable harm will result.

46.    Plaintiffs are asserting their common law rights and property interests under the Texas Constitution, Art. 1. Sec. 19 and under the 5th Amendment, U.S. Constitution to protect the burial plots and cemeteries where their relatives are buried from the ongoing construction of the border wall and accompanying road. Said construction is causing excessive vibrations and ground movements due to Defendants' negligent acts  and omissions. Plaintiffs' relatives' burial plots and headstones have sustained damage which has caused severe mental anguish and emotional distress. .

47.    Defendant Southwest Valley Constructors Co. has proximately caused Plaintiffs' mental anguish and emotional distress flowing from their breach of duty of care.

48.    Plaintiffs assert their common law rights and constitutional rights to protect their relatives' graves and the cemetery grounds.

49.    The wall and accompanying road currently being constructed may not impede Plaintiffs' rights of ingress and egress to the cemeteries.

### E.    CAUSES OF ACTION

### COUNT 1.  NEGLIGENCE,  COUNT 2. NEGLIGENT DESTRUCTION OF SUBJACENT AND LATERAL SUPPORT and COUNT 3. STRICT LIABILITY

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

50.     During the later part of August 2020, Defendant Southwest Valley Constructors Co. was conducting physical excavations, digging, removing dirt and scraping the excavated land surface next to Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery. Defendant Southwest Valley Constructors' heavy machine operators used deliberate and excessive physical actions with the heavy machinery. The negligent manner in which the construction and excavation is being carried out has caused for Plaintiffs' burial plots to begin to sink due to excessive physical shaking movements and vibrations caused by the heavy machinery.

51.     Defendant has acted in a negligent manner and not within the proper procedures that it was authorized in which to carry out the performance of the construction operations. Due to Defendant's negligence it does not enjoy any sovereign immunity.

52.     Defendant Southwest Valley Constructors Co. had a duty of care not to cause damage to the Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery and the burial plots thereon while conducting construction activities on the adjoining properties.

53.     The deliberate excessive physical actions of the heavy machinery operators and the manner in which the construction was being carried out caused for Plaintiffs' burial plots to begin to sink. There were excessive physical shaking movements and vibrations to the historic burial plots that caused some of the burial plots to slightly sink.

54.     Defendant Southwest Valley Constructors Co.'s  heavy machine operators were acting in such a very hurried manner with the heavy machinery to meet time restraints that they were causing excessive ground vibrations and ground movements to the Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery.  This caused damage to the burial plots and cemetery.

55.     Damage also occurred to some of the headstones and other placements on the graves.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

56.     The excessive hurried movements with the heavy machinery of Southwest Valley Constructors, Co. have caused excessive shaking and vibrations to the Jackson Ranch Church and Cemetery grounds.

57.     Southwest Valley Constructors, Co.'s heavy machine operators actions with the heavy machines have caused excessive vibrations to travel to the grounds of the Jackson Ranch Church and Cemetery causing damage to the church walls and foundation.

58.     Southwest Valley Constructors, Co.'s heavy machine operators actions with the heavy machines have caused damage to the Jackson Ranch Church and Cemetery and caused its grounds to slightly shift and move causing damage to the church and the cemetery.

59.     The damage to Jackson Ranch Church and Cemetery has been caused by Southwest Valley Constructors, Co.'s heavy machine operators who breached their duty of care.

60.     Defendant, Southwest Valley Constructors Co,. failed to conduct or contract for an adequate study to determine whether their heavy equipment construction of the wall and road enforcement zone immediately next to the Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery would cause any damage to burial plots or structural damage to the historic church.

61.     Additionally, the ongoing construction is not being carried out in accordance with the plans approved by the federal government.

62.     Moreover, such negligent acts have caused subjacent and lateral support of the burial plots within the Eli Jackson Cemetery and the Jackson Ranch Church Cemetery to be damaged.

63.     The ground support underneath the burial plots is subjacent support that is also being affected with such side excavations and removal of large amounts of dirt from the sides of the cemetery.

64.     Defendant also had a duty of care to provide notice to Plaintiffs who had relatives buried at the Eli Jackson Historic Cemetery, which they failed to provide.

65.     There was a breach of duty of care by Southwest Valley Constructors, Co.

66.     The breach of duty also results in strict liability against Southwest Valley Constructors imposed by tort law.

67.     Defendant Southwest Valley Constructors Co.'s breach of duty of care proximately caused Plaintiffs' damages.

68.     Plaintiffs' damages include the settling of the ground and sinking of their relatives graves, damages to headstones, damage to the Jackson Ranch Church and Cemetery, mental anguish and emotional distress.

## DAMAGES

69.     As a direct and proximate result of the acts of Defendant, the Plaintiffs, have suffered damages and injuries and request the following damages:

(A     Sentimental value - Plaintiffs are requesting the sentimental value for the damage or destruction to the burial plots and headstones of plaintiffs' relatives.

(B     Replacement value of headstones;

(C     Actual value to owner;

(D     Repair damages – Costs of repair;

(E     Mental anguish and emotional distress in the past, present, and future.

Plaintiffs request monetary relief within the jurisdictional limits of the Court.

70.     Additionally, Plaintiffs are entitled to prejudgment interest on the respective damages at the maximum legal rate provided by law.

71.     Plaintiffs are entitled to post-judgment interest on the respective damages at the maximum legal rate provided by law.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

## COUNT 4. GROSS NEGLIGENCE

**Plaintiffs incorporate by reference the facts and allegations contained in the FACTS section and previous counts within this count, and in addition, allege as follows:**

72.     Defendant Southwest Valley Constructors Co.'s omissions and acts constitute gross negligence in that there was an extreme degree of risk for Southwest Valley Constructors Co. to cause excessive ground vibrations to the historic Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery. These historic cemeteries have existed since the late 1800's and are delicate historic properties.  Defendant Southwest Valley Constructors Co. is aware that their heavy machinery causes great ground vibrations and had a duty not to damage these delicate properties.

73.     Defendant's heavy machine operators with their experience and knowledge  were aware that there were excessive ground vibrations being caused by Defendant to the delicate historic sites.

74.     These excess ground vibrations traveled across the adjoining Eli Jackson Cemetery property and caused settling of the ground causing graves to sink. Some of the graves situated in the cemetery are over 100 years old.

75.     Defendant Southwest Valley Constructors Co.  had notice that a cemetery was located as an adjoining property to their construction work. The cemetery is labeled on signs placed by Defendant Southwest Valley Constructors Co. with diagrams of their intended construction.

76.     Defendant Southwest Valley Constructors Co. used heavy construction equipment to excavate and remove dirt as close as 40 feet from the cemetery. Defendants Southwest Valley Constructors Co. or their employees did not care as to whether their heavy construction equipment and its movements would cause excessive vibrations to the cemeteries.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

Such acts and omissions caused Plaintiffs' burial plots and headstones to become damaged. Defendant, Southwest Valley Constructors Co.'s, heavy machine operators were acting in such a very hurried manner with the heavy machinery to meet time restraints that they were causing excessive ground vibrations and ground movements to the Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery.  This caused damage to the burial plots and cemeteries.

77.     Southwest Valley Constructors Co. did not have any regard or care as to whether the Jackson Ranch Church and Plaintiffs' relatives' burial plots would be damaged by excessive vibrations or ground movements caused by the heavy machinery.

78.     Southwest Valley Constructors Co. did not care as to whether the Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery would receive damage to their property and the burial plots belonging to Plaintiffs' thereon.

79.     Southwest Valley Constructors Co. also did not care whether Plaintiffs' relatives' burial plots or property would be damaged by their negligent acts that were not within their contracts and beyond the scope of the work that they have been contracted to do.

80.     Southwest Valley Constructors Co. did not conduct or contract for an adequate study on whether adjoining properties would be damaged with their construction.

81.     Defendant did not contact Plaintiffs to provide notice of the exact date that construction would begin next to the Eli Jackson Cemetery and Jackson Ranch Church and Cemetery.

82.     There was an extreme degree of risk in proceeding with the heavy machinery so close to the cemetery and using any excessive physical movements with the heavy machinery when it was certain to cause ground vibrations and ground movement to the cemetery.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

83.     The acts and omissions of Defendant foreseeably caused for some of the graves in the cemeteries to sink.

84.     Defendant Southwest Valley Constructors Co. had actual awareness of the extreme degree of risk involved with such careless indifference heavy machinery movements. Defendant knew of the repercussions with proceeding and nonetheless proceeded with indifference to the rights of Plaintiffs.

85.     Defendant Southwest Valley Constructors Co. knew or should have known based on their profession and years of experience operating heavy machinery that such acts would cause excess vibrations and ground movements in the adjoining cemetery proximately causing damages to burial plots and headstones.

86.     Defendant's acts and omissions or acts as described above, when viewed from the standpoint of Defendant at the time of the incident, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.

87.     Defendant Southwest Valley Constructors Co. and their heavy machine operators had actual, subjective awareness of the risk but nevertheless proceeded to use the heavy machinery in a careless manner.

88.     This was done with a conscious indifference to the rights, safety, or welfare of Plaintiffs that amounts to gross negligence.

89.     The deliberate excessive physical actions of the heavy machinery operators and the manner in which the construction is being carried out has caused for Plaintiffs' burial plots to begin to sink. There are excessive physical shaking movements and vibrations to the historic burial plots that are causing some of the burial plots to slightly sink.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

## APPLICATION FOR EX PARTE TEMPORARY RESTRAINING ORDER

**Plaintiffs incorporate the previous paragraphs and Facts section as if fully set herein**

90.     Plaintiffs' Application for an Ex Parte Temporary Restraining Order is authorized by the Texas Civil Practice & Remedies Code and the Rule 680 of the Texas Rules of Civil Procedure.

91.     The Ex Parte Temporary Restraining Order against Southwest Valley Constructors, Co. is necessary because the construction that has already occurred to the east side of the historic Eli Jackson Cemetery has caused some of the graves to sink and shift. This is due to the excessive shaking and vibrations of the ground caused by the use of heavy machinery.

92.     The Ex Parte Temporary Restraining Order is also necessary because construction has already occurred and is ongoing to the northwest of the Jackson Ranch Church and Cemetery.  The negligent manner in which it is being conducted has caused ground to shift and damaged the graves and the historic church and there is imminent danger of irreparable harm if such construction continues.

93.     Additionally, the historic Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery has been part of the landscape. It depends on lateral support from the neighboring lots. There has been excavation, digging and removal of much dirt from the immediate east side of the Eli Jackson Cemetery and from the north west side of the Jackson Ranch Church and Cemetery. This creates a real and foreseeable risk that the land in the cemeteries will collapse to the side.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

94.     The cemeteries depend on lateral support from the land being in place on the side. Removal of such great amounts of dirt from the side will cause the ground in the cemeteries to shift, collapse and crumple.

95.     Defendant failed to provide notice of their intentions to conduct such heavy excavation that could have an impact on the Eli Jackson Historic Cemetery and affect the rights of the relatives of persons buried in the Eli Jackson Cemetery.  Defendant also failed to provide adequate notice of the construction that would affect the rights of the owners of the Jackson Ranch Church and Cemetery and of relatives of the persons buried thereon.

96.     Plaintiffs ask the Court to restrain Defendant from continuing with such destructive construction of the roadway and border wall or barrier within 150 feet from the historic Jackson Ranch Church and Cemetery and the Eli Jackson Cemetery. It is foreseeable that continued construction will cause destructive conditions to the historic church and cemeteries.

## REQUEST FOR TEMPORARY INJUNCTION

**Plaintiffs incorporate the previous paragraphs and Facts section as if fully set herein**

97.     Plaintiffs ask the court to set Plaintiffs' Application for Temporary Injunction for a hearing and, after the hearing, issue a temporary injunction against the defendant, Southwest Valley Constructors Co.

98.     Plaintiffs have joined all indispensable parties under Texas Rule of Civil Procedure.

99.     Plaintiffs are requesting an injunction against Southwest Valley Constructors Co. immediately prohibiting any further excavations, construction or construction related activity conducted by Defendant Southwest Valley Constructors Co. or at the direction of defendant

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

within 150 feet from Eli Jackson Cemetery and within 150 feet of the Jackson Ranch Church and
Cemetery.

100.    There is imminent danger that the ground where Plaintiffs' burial plots are
located will continue to collapse.

101.    Plaintiffs will likely suffer irreparable harm and injury if defendants are not
restrained from continuing the construction of the border wall and accompanying road within
150 feet of the Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery. Plaintiffs
will also suffer irreparable injury if defendants are not restrained from constructing the road
parallel to the border wall while this lawsuit is pending.

102.    If the border wall and its accompanying road continues westward it will infringe
into the property and graves of the Eli Jackson Cemetery and cause irreparable harm. Plaintiffs
have a common law interest to protect the graves of their relatives.

103.    The perimeter of the cemetery extends northward beyond the fencing of the
cemetery. It has been used for more than 10 years to dispose of used ornamentation and flowers
placed on graves.

104.    The border wall and accompanying road would also prevent the Plaintiffs' and
the general public from reasonably accessing the historic cemetery.

105.    The border wall and its continued ongoing construction would also cause
irreparable injury to the plaintiffs because the vibrations and ground movements caused by the
heavy machinery is irreparably damaging the burial plots. Such acts have caused Plaintiffs to
suffer mental anguish.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

106.    There will be no adequate remedy at law if Defendants are not restrained because the graves will be irreparably damaged.

107.    The harm that will result if the temporary restraining order against Southwest Valley Constructors Co. is not issued is irreparable because the historic cemeteries and the burial plots will be damaged beyond repair. The lateral support of the historic Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery will be destroyed causing shifting and collapse. If that happens it will destroy the graves. Plaintiffs have a common law right to protect the graves of their relatives.

108.    The requisite anticipated injury or harm to plaintiffs' caused by the mental anguish sustained due to the construction of a wall that damages the church and graves and that prevents reasonable access to their ancestors' graves constitutes irreparable harm. The irreparable harm complained of is of a peculiar nature such that monetary compensation will not provide proper atonement or make Plaintiffs whole.

109.    The harm to Plaintiffs by the continued construction outweighs the harm that would be sustained by Defendant if the preliminary injunction were granted. Currently there are some graves that are sinking due to the actions of defendants more fully described in the previous paragraphs. There are estimated to be some 50 graves at the Eli Jackson Cemetery and 35 graves at the Jackson Ranch Church Cemetery.

110.    There is not enough time to serve notice on Defendant Southwest Valley Constructors, Co. and to set and hold a hearing on this application. Tex.R.Civ.P. 680.

111.    Plaintiffs request that the Ex Parte Temporary Restraining Order be in effect for 14 days.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

112.    It is probable that the plaintiffs will recover from the defendant after a trial on the merits. This is because the workers from Southwest Valley Constructors are destroying the lateral support for the historic Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery.  Plaintiffs are also likely to recover because during the later part of August 2020, Defendant Southwest Valley Constructors Co was conducting physical excavations, digging, removing dirt and scraping the excavated land surface next to Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery which caused the ground and the graves to shift.

113.    Defendant Southwest Valley Constructors Co.'s  heavy machine operators used deliberate and excessive physical actions with the heavy machinery. The negligent manner in which the construction and excavation was being carried out caused for Plaintiffs' burial plots to begin to sink due to excessive physical shaking movements and vibrations caused by the heavy machinery to the historic burial plots.

114.    There was a breach of duty of care by Southwest Valley Constructors Co. This breach of duty also results in strict liability imposed by tort law. Defendant Southwest Valley Constructors' breach of duty of care proximately caused Plaintiffs' damages.

115.    Defendant Southwest Valley Constructors Co. acted in a negligent manner and not within the proper procedures that were authorized in which to act in the performance of the construction operations.  Defendant does not enjoy any sovereign immunity.

116.    If Plaintiffs' application is not granted , the imminent harm is certain to occur because the burial plots of Plaintiffs' relatives will continue to sink and be irreparably damaged.

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

117.    If Plaintiffs' application is not granted, there will also be shifting of the burial ground, and the ground will crumple without proper lateral support. Complete destruction of lateral support will occur if digging and removal of dirt from the side continues.

118.    The harm that will result if the temporary restraining order is not issued is irreparable because the historic cemeteries and the burial plots will be damaged beyond repair. The lateral support of the historic Eli Jackson Cemetery and the Jackson Ranch Church and Cemetery will be destroyed causing shifting and collapse. If that happens it will destroy the graves. Plaintiffs have a common law right to protect the graves of their relatives.

119.    Plaintiffs have no adequate remedy at law because if the defendant is not restrained the burial plots and buried remains of Plaintiffs' relatives will be destroyed. Plaintiffs will also suffer greater mental anguish if the Ex Parte T.R.O. is not granted.

120.    Plaintiffs are willing to post a minimal bond and also request that bond be waived.

121.    There is not enough time to serve notice on defendants and to hold a hearing on this application and Plaintiffs request that an Ex Parte T.R.O. be granted.

122.    Plaintiffs request that the court set their application for preliminary injunction for hearing at the earliest possible time, and after hearing the request, to issue a preliminary injunction against the Defendants.

## REQUEST FOR PERMANENT INJUNCTION

123.    Plaintiffs request that the Court set their application for injunctive relief for a full

trial on the issues in this application, and after the trial, to issue a permanent injunction against

Defendants from any further construction.

## RESPONDEAT SUPERIOR THEORY
**Plaintiff incorporates the Fact and Causes of Action section as if fully set forth herein**

124.    Defendant Southwest Valley Constructors Co. is responsible and liable for all of

the tortious acts of its agents and employees complained of herein under the vicarious liability

theory of Respondeat Superior.

## EXEMPLARY DAMAGES

125.    The grossly negligent acts of Defendant Southwest Valley Constructors Co. were

of such a wanton and extreme nature when viewed from the standpoint of the average person that

Plaintiffs are entitled to and do seek punitive and exemplary damages against Defendant.

## REQUEST FOR DISCLOSURE

126.    Defendant Southwest Valley Constructors Co. is requested to disclose, within

fifty (50) days of service hereof, the information and material described in Rule 194.2(a) through

Rule 194.2(1) of the Texas Rules of Civil Procedure to Law Office of Samuel Reyes, P.L.L.C.,

2028 E. Griffin Parkway, Mission, Texas 78572, email: samuel@attorneyreyes.com.

## JURY DEMAND

127.    Plaintiffs hereby demand a Trial by Jury.

## PRAYER

128.    For these reasons, Plaintiffs ask that the Court do the following:

    a.    Issue an Ex Parte Temporary Restraining Order;

    b.    Issue a Temporary Injunction;

    c.    Issue a Permanent Injunction;

Electronically Filed
9/25/2020 4:07 PM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

d.      Award Actual damages;

e.      Award Prejudgment and postjudgment interest;

f.      Award Reasonable attorneys fees and costs;

g.      Court costs; and

h.      All other relief to which plaintiffs are entitled to.

Respectfully submitted,

**LAW OFFICE OF SAMUEL REYES, PLLC**

2028 E. Griffin Parkway
Mission, TX 78572
Tel. No. (956) 600-7868
Fax No.: (877) 390-1889

By: /s/ Samuel Reyes
Samuel Reyes
State Bar No. 24062961
E Mail: Samuel@AttorneyReyes.com

COUNTY OF HIDALGO §
§
STATE OF TEXAS §

### AFFIDAVIT OF RAMIRO R. RAMIREZ  IN SUPPORT OF PLAINTIFFS' EX PARTE TEMPORARY RESTRAINING ORDER

My name is Ramiro R. Ramirez. I am of sound mind, over the age of 18 and capable of making this sworn statement. I have personal knowledge of the facts stated in this affidavit and they are true and correct.

1. "I am asking that the Court issue an Ex Parte Temporary Restraining Order against Southwest Valley Constructors, Co."

2. "I was present when  Southwest Valley Constructors, Co. was using heavy construction machinery right beside the Eli Jacksons Cemetery in a hurried manner in the latter part of August 2020. The heavy machine operators were deliberately, carelessly, and forcefully taking excessive physical actions with the heavy machinery.

3. "Such a hurried and careless manner in which the construction, digging, operation of heavy machinery, scraping the land, leveling of land, placement of drainage pipes, and excavation is being carried out has caused excessive physical shaking movements and vibrations into the cemetery."

4. "I was inside the Eli Jackson cemetery and could feel the ground shaking and ground vibrations from the heavy construction equipment."

5. "The construction was as close as 40 feet from the Eli Jackson Cemetery and caused damages to the burial plots."

6. "The burial plots began to sink due to the excessive ground vibrations and movements."

7. "Southwest Valley Constructors, Co.'s bulldozers, excavators, and backhoes used in the construction of a border wall and its 150 foot enforcement zone road has caused graves in the Eli Jackson historic Cemetery to sink. Some headstones have also shifted."

8. "Now,  Southwest Valley Constructors, Co. have initiated construction to the west near the Jackson Ranch Church and Jackson Ranch Church Cemetery that I own."

9. "They are conducting their heavy equipment construction in a similar manner as when they were by the Eli Jackson Historic Cemetery."

10. "In a hurried manner, the heavy machine operators are using deliberately careless, forceful

and excessive physical actions with the heavy machinery near the Jackson Ranch Church and Cemetery.

11.　"I have personally been present when the excessive movements with the heavy machinery of Southwest Valley Constructors, Co. have caused excessive shaking and vibrations to the Jackson Ranch Church and Cemetery grounds."

12.　"Southwest Valley Constructors, Co.'s heavy machine operators actions with the heavy machines have caused damage to the Jackson Ranch Church and Cemetery and caused its grounds to slightly shift and move causing damage to the church and the cemetery."

12.　"The damage to Jackson Ranch Church and Cemetery has been caused by Southwest Valley Constructors, Co. heavy machine operators."

13.　"If Southwest Valley Constructors, Co. are not restrained they will cause further damage to the  Historic Jackson Ranch Church and Cemetery."

14.　"I have also have relatives buried at the Jackson Ranch Church Cemetery and their burial plots are in imminent danger of damage."

15.　"I have a right to protect the graves of my relatives from damage caused by the heavy ground construction by Southwest Valley Constructors, Co."

16.　"I am requesting a T.R.O. and injunction prohibiting any further ground construction and excavations conducted by Southwest Valley Constructors Co. or any other construction companies immediately within 150 feet from the Jackson Ranch Church and Cemetery."

17.　"There is imminent danger of continued damage to the Jackson Ranch Church and Cemetery where my relatives' burial plots are located and may cause them to sink and eventually collapse."

19.　"The historic Jackson Ranch Church and Cemetery has been part of the overall landscape. It depends on lateral support from its neighboring lots. There has been much digging and removal of much dirt from the immediate east side of the cemetery. This may cause the land in the cemetery to collapse to the side."

20. "The Jackson Ranch Church and Jackson Ranch Cemetery also depends on lateral support from the land being in place on its north side. Removal of such great amounts of dirt from that side will cause the ground to shift, collapse and crumple.

21.　"Defendant failed to provide notice to the relatives of persons buried in these dangers."

22.　"The Jackson Ranch Church and Cemetery will likely suffer irreparable harm if Southwest Valley Constructors, Co. or any other construction company are not immediately restrained from such heavy machinery construction work nearby that causes such damaging ground movements and vibrations to the historic church and cemetery."

23.　"It is probable that Plaintiffs will win on trial because we have personal knowledge in addition to witnesses, affidavits, photos and videos that will show that the negligence of Southwest Valley Constructors, Co. has already caused damage to  the Jackson Ranch Church and Cemetery.

24. "Defendant Southwest Valley Constructors Co.'s heavy machine operators used deliberate and excessive physical actions with the heavy machinery. The negligent manner in which the construction and excavation was being carried out already caused damage to the Jackson Ranch Church and Cemetery.

25. "Additionally with such continued heavy machinery construction by Southwest Valley Constructors Co. burial plots may be damaged and most likely be caused to shift and sink as in the Eli Jackson Cemetery.

26. "Complete destruction of lateral support will occur if more digging and removal of more dirt from the sides of the cemetery continues with the wall/barrier construction and road construction."

27. "There is not enough time to serve the defendant and have a hearing because there is imminent danger that Southwest Valley Constructors, Co. will cause irreparable damage to the historic site and to burial plots. Monetary damages will not replace the historic, cultural, and sentimental,value and sanctity of the Jackson Ranch Church and Cemetery.

28. "Such irreparable damage will be done to the Jackson Ranch Church and Cemetery and burial plots where my relatives are buried if an Ex Parte T.R.O. is not immediately issued."

"The above statements are true and correct."


Ramiro R. Ramirez

SWORN to and SUBSCRIBED before me, the undersigned authority, on the _25_ day of September 2020, by Ramiro R. Ramirez known by me to be the person signing this affidavit.

ROCIO MAYES
Notary ID #1296040061
My Commission Expires
January 3, 2022

Notary Public in and
For The State of Texas

January 3, 2022
My commission expires on: